IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00485-ZLW

JONATHAN D. LUCAS,

    Applicant,

v.

WARDEN R. WILEY,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 20 2009

GREGORY C. LANGHAM
                  CLERK

---

## ORDER DENYING MOTION TO RECONSIDER

---

The matter before the Court is the *pro se* "Motion to Reinstate Case," filed on May 7, 2009, by Applicant Jonathan D. Lucas . Mr. Lucas is a prisoner in the custody of the United States Bureau of Prisons (BOP), who currently is incarcerated at the Federal Correctional Institution in Florence, Colorado. In the Motion, he seeks reconsideration of the Order of Dismissal and the Judgment entered by the Court on April 17, 2009, denying his Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and dismissing the action.

The Court must construe the Motion liberally because Mr. Lucas is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will construe the Motion as filed pursuant to Fed. R. Civ. P. 60(b) and will deny the Motion.

The Court denied the Application and dismissed the action without prejudice because Mr. Lucas failed to cure all the deficiencies noted in Magistrate Judge Boyd N. Boland's March 6, 2009, Order to Cure. Although, in response to the Order to Cure, Mr.

Lucas filed his claims on a proper Court-approved form used in filing 28 U.S.C. § 2241 actions and submitted a proper 28 U.S.C. § 1915 Motion and Affidavit, he failed to submit a certified copy of his trust fund account statement to the Court.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. *Id.*; *see also* **Dalton v. First Interstate Bank**, 863 F.2d 702, 703 (10th Cir. 1988). A motion for reconsideration filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). **Van Skiver**, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. **Van Cauwenberghe v. Biard**, 486 U.S. 517, 521-22 (1988); **In re Durability, Inc.**, 893 F.2d 264, 265 (10th Cir. 1990). The April 17, 2009, Order of Dismissal and the Judgment denied the Application and dismissed the action without prejudice. The instant Motion was signed and dated by Mr. Lucas on May 5, 2009, over ten days after the final judgment was entered in the instant action. The Motion, therefore, is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See* **Massengale v. Oklahoma Bd. of Examiners in Optometry**, 30 F.3d 1325, 1330 (10th Cir. 1994).

Upon consideration of the Motion and the entire file, the Court concludes, based on the following findings, that Mr. Lucas fails to demonstrate some reason why the Court should alter or amend the April 17, 2009, Order of Dismissal in this action.

Mr. Lucas filed a 28 U.S.C. § 1915 Motion and Affidavit requesting leave to proceed *in forma pauperis*, but he failed to submit a certified copy of his trust fund account statement. Mr. Lucas did not inform the Court hat he intended to pay the $5.00 filing fee or that he had requested the BOP staff to send $5.00 to the Court. Although Mr. Lucas claims that he has no control over when the BOP staff would process his request for payment, he is responsible for informing the Court of any difficulty he may have in meeting court deadlines. Therefore, the Motion to Reconsider will be denied.

The Court notes that Mr. Lucas's $5.00 payment was received by the Clerk of the Court on April 20, 2009, and was returned to him, because the instant action had been dismissed for failure to cure all deficiencies. Mr. Lucas is reminded that because the instant action was dismissed without prejudice he may pursue his claims by filing a new action if he chooses. Accordingly, it is

ORDERED that Applicant's Motion to Reconsider (Doc. # 8), filed on May 7, 2009, is denied.

DATED at Denver, Colorado, this 20 day of May, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00485-BNB

Jonathan D. Lucas
Reg No. 07203-025
FCI - Florence
P.O. Box 6000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5/20/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk